THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSISSIPPI

BETTY SCOTT, INDIVIDUALLY,
AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF ROBERTA SCOTT                                    **PLAINTIFF**

                                        CIVIL ACTION NO. 13,0031-CI

**VERSUS**

COVENANT HEALTH & REHAB OF VICKSBURG, LLC
D/B/A COVENANT HEALTH & REHAB OF VICKSBURG;
COVENANT DOVE, LLC; CORPORATIONS A-G
JANE DOES A-G; AND JOHN DOES A-G                   **DEFENDANTS**

COMPLAINT
<u>JURY TRIAL DEMANDED</u>

     COMES NOW, Plaintiff, Betty Scott, individually, as Administratrix for the Estate of Roberta Scott, and on behalf of the wrongful death beneficiaries of Roberta Scott, by and through her attorney of record and files her Complaint against Defendants, Covenant Health & Rehab of Vicksburg, LLC d/b/a Covenant Health & Rehab of Vicksburg; Covenant Dove, LLC; Corporation A-G; Jane Does A-G; and John Does A-G.  In support of this Complaint, Plaintiff would set forth:

PARTIES

     1.    Plaintiff, BETTY SCOTT, individually, as Administratrix for the Estate of Roberta Scott, and on behalf of the wrongful death beneficiaries of Roberta Scott is an adult resident citizen of the City of Vicksburg, Warren County, Mississippi, who resides at 305 Cooper Drive, Vicksburg, Mississippi 39180. Betty Scott is the daughter of Roberta Scott, deceased (hereinafter "Plaintiffs' Decedent").

1



**FILED**

MAR 1 8 2013

SHELLY ASHLEY-PALMERTREE, CIRCUIT CLERK

BY_____ D.C.

EXHIBIT
C

2.      Roberta Scott passed away on January 18, 2011 at Promise Hospital in Vicksburg, MS after being admitted for sepsis and osteomyelitis of the left hip related to a Stage IV deep pressure ulcer.

3.      Upon information and belief, Defendant, Covenant Health & Rehab of Vicksburg, LLC d/b/a/ Covenant Health & Rehab of Vicksburg (hereinafter "Covenant Health") was and is a for-profit corporation doing business in the State of Mississippi, including at 2850 Porter's Chapel Road, Vicksburg, MS 39180, and may be served with legal process by serving its Registered Agent, CT Corporation System at 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232.

4.      Upon information and belief, Defendant, Covenant Dove, LLC (hereinafter "Covenant Dove") was and is a for-profit corporation doing business in the State of Mississippi, including at 2850 Porter's Chapel Road, Vicksburg, MS 39180, and may be served with legal process by serving its Registered Agent, CT Corporation System at 645 Lakeland East Drive, Ste. 101, Flowood, MS 39232. Upon information and belief, Covenant Dove, LLC is the parent to its subsidiary, Covenant Health & Rehab of Vicksburg, LLC d/b/a Covenant Health & Rehab of Vicksburg.

5.      In addition, or in the alternative, the Defendants, CORPORATIONS A-G, JANE DOES A-G, and JOHN DOES A-G, are fictitious parties as defined in Rule 9(h) of the Mississippi Rules of Civil Procedure, about whom/which the Plaintiffs are ignorant of the true name and/or facts giving rise to a cause of action for purposes of fictitious party practice under Mississippi law. Plaintiffs sue such Defendants by their fictitious names and will amend this Complaint to show their true names and capacities if/when they have been ascertained. Plaintiffs are informed and believe, and based on such information and belief allege, that each of these Defendants so designated, if any, is negligent, comparatively negligent, or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently, comparatively negligently, or otherwise unlawfully caused the injuries and damages alleged in this Complaint.

2

JURISDICTION AND VENUE

6.     This cause of action arises as a result of injuries and damages proximately caused by the negligence of the Defendant(s) which occurred and/or occurred in Warren County, Mississippi, resulting in Roberta Scott's injuries, damages, and death.  Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action.  Plaintiff has provided Defendants with legally sufficient pre-suit notice of her intent to institute these proceedings pursuant to Mississippi law.

7.     This Court has jurisdiction over the parties and the subject matter involved, pursuant to Miss. Code Ann. §9-7-81 (1982), as Plaintiff is seeking damages in excess of the minimum jurisdictional limits of this Court.  Further, this Court has personal jurisdiction over the Defendants.  The Defendants are located in and/or conduct business in Warren County, Mississippi.

FACTS

8.     Plaintiffs' Decedent entered the Covenant Health & Rehab facility on approximately February 17, 2010.  Plaintiffs' Decedent remained a patient of the facility until December 31, 2010.  On that date, she was transferred to River Region Medical Center for treatment of an infected, draining area on her left hip.

9.  Upon her transfer and admission to River Region, her History and Physical revealed the infected area to be 8 centimeters, or about 3 and ½ inches in size, and circular in shape with a necrotic center.  This condition, which developed at the Covenant Health facility due to the negligence, gross negligence, and/or wanton negligence of the Defendants, proved to be fatal, and Plaintiffs' Decedent died on January 18, 2011.

3

10.    At all times relevant, Defendants herein were fully aware of Decedent's medical condition and the care she required when they undertook to take care for her special needs.  Defendants held themselves out to being (1) skilled in the performance of nursing, medical, and other medical support services; (2) properly staffed, supervised and equipped to meet the total needs of its patients, including Plaintiff; (3) able to meet the total nursing and medical needs of Plaintiff; and (4) licensed and complying with all rules, regulations, statutes, standards, and laws of the State of Mississippi established for nurses, doctors, hospitals, and administrators.

11.    State statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, Mississippi Minimum Standards for Nurse Aides, Mississippi Nurse Practices Act, Mississippi Minimum Standards of Operation for Hospitals, and Mississippi Department of Health regulations applicable to nursing and hospitals require them to provide sufficient staffing to meet the needs of patients.  Further, they mandate that each patient receive, and that each facility protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the maintenance and operation of hospitals, which will ensure safe, sanitary and reasonably adequate care of individuals in such institutions.

12.    Mississippi state statutes as well as the Mississippi Minimum Standards of Operation for Hospitals require that there be adequate medical and nursing personnel available at all times to provide high quality nursing care for the needs of the patients.

13.    Defendants carelessly, reckless, negligently, and systematically failed to provide adequate and qualified staffing in its facility in their effort to lower labor expenses and maximize profits.

14.    Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, Mississippi Minimum Standards of Operation for Hospitals, as well as the Mississippi Department of Health regulations mandate that Defendants care for their patients in a manner and

4

provide an environment that maintains each patient's dignity and respect in full recognition of his or her individuality. Understaffing and unqualified staffing in their facility deprives patients of their dignity and respect in violation of the law.

15. Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, Mississippi Minimum Standards of Operation for Hospitals, as well as the Mississippi Department of Health regulations impose numerous requirements on Defendants and their patient care including, but not limited to, requirements regarding the following:

   a. reporting resident injuries of unknown origin to state authorities;

   b. resident assessment and care planning;

   c. nutrition;

   d. diabetes and wound care;

   e. infection control;

   f. abuse and neglect policies and reporting procedures;

   g. staffing;

   h. appropriate drug therapies;

   i. appropriate mental health services;

   j. provision of basic care needs;

   k. incontinence care;

   l. resident rights and restraint use;

   m. activities of daily living ("ADL") care;

   n. therapy services;

   o. quality of life, including accommodation of needs and activities; and

   p. assessment of patient competence to make treatment decisions.

16.     All Defendants failed to discharge their obligations of care to Plaintiffs' Decedent.  As a direct and/or proximate result of their failures, acts and/or omissions, Plaintiffs' Decedent suffered unnecessary, avoidable and accelerated deteriorations of health, pressures sores, sepsis, infection, osteomyelitis, neglect, malnutrition, delays in treatment, inaccurate assessments, pain and suffering, damages, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as death, and other injuries and damages to be shown at trial.

17.     Defendants' total failure to care for Plaintiffs' Decedent's needs resulted in excruciating pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, and loss of dignity and death to Ms. Coleman.

18.     Plaintiffs' Decedent was not provided adequate and appropriate nutrition as needed and required to maintain her health.

19.     Plaintiffs' Decedent was not provided adequate and appropriate care.

20.     Plaintiffs' Decedent was mistreated and neglected as evidenced by the extensive number of issues concerning medication errors, delay in treatment, malnutrition, infections, serious pressure sores, dehydration, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as death.

21.     Plaintiffs' Decedent experienced these injuries, damages, and death while under the supervision, custody and control of employees, agents and staff of Defendants.

22.     The quality of care provided to Plaintiffs' Decedent by Defendants was substandard, pursuant to §§100.01, 127, 129, 152 of Title 15 of the Mississippi Department of Health, Part III – Office of Health Protection, Subpart 01 – Health Facilities Licensure and Certification, Chapter 41 – Minimum Standards of Operation for Mississippi Hospitals, as well as Miss. Code Ann. §§41-9-1 et seq.

**DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND
DEVIATIONS FROM THE STANDARD OF CARE**

23.    The averments of paragraphs one through twenty-six are incorporated herein.

24.    Defendants owed a duty to Plaintiffs' Decedent to render care and services as a reasonably prudent and similarly situated physician, nurse, administrator, licensee, and/or hospital would render under the same or similar circumstances.

25.    Defendants owed Plaintiffs' Decedent a duty to protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the maintenance and operation of their medical practice and/or nursing practice, which would have insured safe, sanitary and reasonably adequate care of Plaintiff in and/or by such institutions.

26.    Defendants owed Plaintiffs' Decedent a duty to adhere to the recognized standards of acceptable professional practice, as provided under Mississippi state statute; MCA §§41-9-1 et seq.; MCA §§43-11-1 et seq; MCA §§43-47-1 et seq.; MCA §§73-15-1 et seq.; the Mississippi Department of Health's Minimum Standards for Institutions for the Aged or Infirm; The Mississippi Department of Health's Minimum Standards for Certified Nurse Aides; The Mississippi Department of Health's Minimum Standards of Operation for Mississippi Hospitals; and the Mississippi Nurse Practices Act.

27.    Defendants deviated from the recognized standards of care, breached the recognized standards of care, and violated their duty of care to Plaintiffs' Decedent through mistreatment, abuse, and neglect. More specifically, Defendants failed in the following manner:

   a.    Failure to provide Plaintiffs' Decedent with a safe environment;

   b.    Failure to properly train, to supervise, and to provide adequately trained staff in sufficient numbers in order to furnish reasonable, safe, efficient, and effective care to Plaintiffs'

Decedent in accordance with the applicable standard of care, as well as state laws and regulations;

c.  Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Plaintiffs' Decedent from injury, neglect, and death;

d.  Failing to exercise the duty of care owed to Plaintiffs' Decedent;

e.  Failing to recognize the dangers associated with patients such as Plaintiffs' Decedent;

f.  Failing to properly supervise and care for Plaintiffs' Decedent;

g.  Failing to properly budget the facility to provide adequate staffing and supplies;

h.  Failure of corporate and management agents to properly staff, hire, budget, and train the facility's employees to ensure that Plaintiffs' Decedent was provided the appropriate level of care that he required;

i.  Failure to adhere to documented assessments, thereby increasing the risk of injury, damage, and death experienced by Plaintiffs' Decedent;

j.  Failure to promulgate rules, regulations, protocols or procedures so as to cause employees and all persons conducting business within their respective premises to provide care to Plaintiffs' Decedent within accepted standards;

k.  Failure to promulgate rules, regulations, protocols or procedures so as to care for, control and protect patients from foreseeable problems with faulty, inconsistent and insufficient documentation;

l.  Failure to provide and/or properly provide ordered medical treatment to Plaintiffs' Decedent, as required under Defendants' own policies and procedures;

m.  Failure to adhere to the standard of care required to properly screen potential employees;

8

n.     Failure to document and monitor Plaintiffs' Decedent's condition as required by the Defendants' own policies and procedures;

o.     Failure to detect and report changes, including significant changes in Plaintiffs' Decedent's condition to medical providers and to his family;

p.     Failure to prevent gastrointestinal bleed of the patient due to improper medication, including but not limited to anticoagulants during her stay with Defendants;

q.     Failure to provide proper nutrition to the patient; thereby, preventing Plaintiffs' Decedent from suffering with malnutrition;

r.     Failure to adhere at least to the minimum standards of care for institutions for the aged or infirm;

s.     Failure to adhere at least to the minimum standards of care for nurses;

t.     Failure to adhere at least to the minimum standards of care for a hospital;

u.     Failure to prevent death;

v.     Failure to prevent delays in treatment to Plaintiffs' Decedent;

w.     Failure to respond to significant signs and symptoms in Plaintiffs' Decedent's condition;

x.     Failure to adequately and timely assess, monitor and/or treat the development and progression of gastrointestinal bleed in Plaintiffs' Decedent;

y.     Failure to develop, implement and update an adequate and appropriate patient care plan to meet Plaintiffs' Decedent's needs;

z.     Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care;

aa.    Such other acts or omissions that may be proven through discovery or at trial.

28.     At all times relevant hereto, Defendants knew or should have known that they had breached the direct and non-delegable duties owed to Plaintiffs' Decedent to use reasonable care in maintaining safe and adequate facilities and equipment, to select and retain competent physicians and/or nurses to oversee all personnel who practice medical and/or nursing services within its premises as to patient care and to formulate and enforce adequate rules and policies to ensure quality care for patients. As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Plaintiffs' Decedent suffered damages, harm, and death, as set forth herein.

29.     At all times relevant hereto, Defendants were on constructive and actual notice that Plaintiffs' Decedent's condition involved a heightened risk, and despite being on notice of her condition, the Defendants did nothing to deter or prevent Plaintiffs' Decedent from injury, damage and death from such conditions.  As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Plaintiffs' Decedent suffered damages and/or harm and continued to suffer damages and/or harm up until the date of her death on January 18, 2011, as set forth herein.

RESPONDEAT SUPERIOR

The averments of paragraphs one through thirty-three are incorporated herein.

30.     Defendants are responsible for the acts and omissions, including the negligence, medical malpractice, and deviations from the applicable standard of care of its employees and agents under the theory of respondent superior.

31.     The negligence of Defendants, directly and/or through their warrants/agents, which breached the applicable standard of care owed to Plaintiffs' Decedent, directly and/or proximately caused Plaintiffs' Decedent great harm, damages, and death, as set forth herein.  Such negligence is imputed to the Defendants.

RES IPSA LOQUITUR

32.   The averments of paragraphs one through thirty-six are incorporated herein.

33.   Beginning on February 17, 2010, and up until her transfer on December 31, 2010 for treatment of ultimately fatal conditions, including but not limited to pressure ulcers, the care of Plaintiffs' Decedent was under the exclusive management and control of Defendants.

34.   Injuries, damages, harm and death of the nature sustained by Plaintiffs' Decedent do not ordinarily occur in the absence of negligence on the part of the Defendants, and which injuries, damages, harm and death are and were unusual and unexpected medical and/or nursing results which ordinarily do not occur in the absence of negligence, medical malpractice, and/or deviations from the applicable standard of care.

35.   As a direct and proximate result of the actions and/or omissions of Defendants, Plaintiffs' Decedent incurred injuries, damages, harm, and death, as outlined herein.

NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION

36. The averments of paragraphs one through forty are incorporated herein.

37. Defendants are liable for the actions of unknown nurses, professionals, and others, Jane Does A-G, John Does A-G, and Corporations A-G, as they are its agents and employees, and Defendants' business is conducted through them.  Liability is imputed to Defendants from the actions of its agents and employees.

38. Defendants repeatedly failed to supervise the other John Doe and Jane Doe Defendants regarding the care provided to Plaintiffs' Decedent.  This failure to properly supervise resulted in breaches of care, which proximately caused Plaintiffs' Decedent's injuries, damages, and death. Defendants failed in their retention of the other John Doe and Jane Doe Defendants regarding the care that they were unable to provide to Plaintiffs' Decedent.  This failure to properly retain qualified and

trained employees, who are able to meet the requisite standard of care either for their patients and/or their consumers, resulted in breaches of the applicable standard of care, which proximately caused Plaintiff's injuries, damages, and death.

NEGLIGENCE

39.     The averments of paragraphs one through forty-four are incorporated herein.

40.     Defendants owed a duty to residents and/or the public, including Plaintiffs' Decedent, to provide: (a) adequate and appropriate custodial care in accordance with the regulations promulgated by the Mississippi Department of Health as well as the Mississippi statutory code previously cited herein; and (b) supervision which a reasonable person would provide under the same or similar circumstances in accordance with the regulations promulgated by the Mississippi Department of Health as well as the Mississippi statutory code previously cited herein.

41.     Defendants breached this duty by failing to prevent the mistreatment, abuse, neglect, and death of Plaintiffs' Decedent.

42.     Defendants failed to provide Plaintiffs' Decedent the appropriate care, support and services in the following manner:

(a)     Failed to prevent malnutrition, dehydration, gastrointestinal bleed, infections, delays in treatment, inaccurate assessments, lack of care, lack of treatment, improper medication, death, as well as other injuries and/or damages to be proven at trial;

(b)     Failed to adequately note and/or maintain Plaintiffs' Decedent's medical records to inform Defendants of significant signs and symptoms of change in Plaintiffs' Decedent's physical and mental condition;

(c)     Failed to respond to Plaintiffs' Decedent's deteriorating condition before her demise;

(d)    Failed to provide adequate staff necessary to assist Plaintiffs' Decedent, who was totally dependent on Defendants' care and treatment;

(e)    Failed to protect Plaintiffs' Decedent from harm within the facility;

(f)    Failed to provide personnel sufficient in number to ensure that Plaintiffs' Decedent attained and maintained her highest level of physical, mental and psycho-social well being;

(g)    Failed to adequately assess, evaluate and supervise personnel so as to ensure that Plaintiffs' Decedent received appropriate care, in accordance with Defendants' policies and procedures manual, and the statutorily mandated regulations implemented by the Mississippi Department of Health;

(h)    Failed to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care;

(i)    Failed to maintain medical records on Plaintiffs' Decedent in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible and systemically organized;

(j)    Failed to warn Plaintiffs' Decedent about the known dangers associated with being a patient at Defendants' facility.

43.    State law requires operators of hospitals to treat patients with personal dignity and respect for their personal, mental and physical well being.

44.    Defendants breached their duty to Plaintiffs' Decedent.  As a result, Plaintiffs' Decedent should be awarded actual and punitive damages.

45.    As a direct and/or proximate result of the above negligence by the Defendants, Plaintiffs' Decedent suffered injuries, damages, and death, as outlined above.  He also suffered extreme pain and suffering and mental anguish.  All of the above caused Plaintiffs' Decedent to incur medical treatment and significant medical expenses.  Plaintiff is therefore entitled to judgment for all compensatory and

13

punitive damages against Defendants, including, but not limited to, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, costs, as well as all other relief to which Plaintiff is entitled by law.

WRONGFUL DEATH

46.    The averments of paragraphs one through fifty-two are incorporated herein.

47.    By reason of the negligence and/or gross negligence of the Defendants, and the death of Plaintiffs' Decedent, it was reasonably necessary to provide for the funeral service and the burial of Plaintiffs' Decedent, which sum was fair, reasonable, customary, and necessary.

GROSS NEGLIGENCE AND/OR PUNITIVE DAMAGES

48.    The averments of paragraphs one through fifty-four are incorporated herein.

49.    Prior to Plaintiffs' Decedent entering Defendants' business on February 17, 2010 she had a reasonable life expectancy remaining.  Plaintiffs' Decedent was a good, faithful, and industrious mother and family member.  As well, she gave her children and other family members wise counsel and advice and help, and in all reasonable probability would have continued to advise and counsel them to the best of her ability.  By reason of the death Plaintiffs' Decedent, her beneficiaries have been damaged in an amount in excess of the jurisdictional limits of this Court, as will be proven at trial, including but not limited to those damages outlined herein.

50.    Defendants' omissions, conduct, breaches, failures and negligence constitutes gross negligence and/or were in conscious, willful, wanton and reckless disregard of the safety of Plaintiffs' Decedent, thereby justifying an award of punitive damages against Defendants.  The acts of Defendants were deliberate because they were part of a willful, careless, and/or reckless scheme or course of conduct that made the inhumane treatment and inadequate care of Plaintiffs' Decedent inevitable.  Said acts on the part of Defendants evidenced a wanton disregard for the health, safety, dignity and respect of

14

Plaintiffs' Decedent. Defendants should be held liable for punitive damages as well as attorney's fees pursuant to Miss. Code Ann. §11-1-65 (1972, as amended). Defendants should be assessed with punitive damages in an amount sufficient to punish the Defendants, to deter Defendants from engaging in similar conduct in the future, and to serve as an example.

INJURIES AND DAMAGES

51.   The averments of paragraphs one through fifty-six are incorporated herein.

52.   As a direct and proximate result of the negligent acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Plaintiff was caused to suffer certain harms, losses, injuries, damages, and death, including but not limited to:

a.   Pressure sores;

b.   Physical sickness, diminishment of health and medical expenses;

c.   Malnutrition;

d.   Dehydration;

e.   Infections;

f.   Delays in treatment;

g.   Inaccurate assessments;

h.   Nursing expenses;

i.   Psychological and emotional trauma, distress, worry, anxiety, and mental suffering;

j.   Physical pain and suffering;

k.   Loss of enjoyment of life;

l.   Fear;

m.   Death; and

n.   Medical or special damages associated with the above injuries and/or damages.

TRIAL BY JURY

53.    The averments of paragraphs one through fifty-eight are incorporated herein.

54.    Plaintiff respectfully requests a jury to try this civil action.

NON-WAIVER OF TRIAL BY JURY AND REMEDIES

55.    The averments of paragraphs one through sixty are incorporated herein.

56.    Although Plaintiff recognizes that Mississippi law "caps" non-economic damages at $500,000, unless other insurance is available, Plaintiff alleges and avers that he is not waiving his right to provide the Court with memoranda of law at a later time regarding the unconstitutionality of such limitations.

WHEREFORE, PREMISES CONSIDERED, Plaintiff sues Defendants for the following:

(1)    Compensatory damages in an amount to be determined by the Court, but in excess of this Court's minimum jurisdictional limits;

(2)    Psychological and emotional trauma, distress, worry, anxiety, and mental suffering;

(3)    Physical pain and suffering;

(4)    Diminishment of health;

(5)    Loss of enjoyment of life and loss of society and companionship;

(6)    An award of post-judgment interest as allowed by law;

(7)    An award of costs herein;

(8)    Punitive damages; and

(9)    For all such other and further relief, general and specific, legal and equitable, to which Plaintiff is entitled.

BETTY SCOTT, INDIVIDUALLY,

16

AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
FOR THE ESTATE OF ROBERTA SCOTT

_____
William 'Wes' Fulgham (99159)

MORGAN & MORGAN
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi  39210
(601)949-3388 – telephone
(601)949-3399 – facsimile

17

## ATTORNEY CERTIFICATE OF CONSULTATION

Pursuant to Mississippi Code Annotated Section 11-1-58(1)(a), the undersigned attorney has reviewed the facts of the case and has consulted with at least one (1) expert who is qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence.  The undersigned attorney reasonably believes this expert is knowledgeable in the relevant issues involved in this particular action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the continuation outlined in the above-named action.

RESPECTFULLY SUBMITTED, this the 18th day of March, 2013.

MORGAN & MORGAN

_____
William 'Wes' Fulgham

18

## THE CIRCUIT COURT OF WARREN COUNTY
### STATE OF MISSISSIPPI

BETTY SCOTT, INDIVIDUALLY,
AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF ROBERTA SCOTT                                                      **PLAINTIFF**

VERSUS                                          CIVIL ACTION NO. 13,0031-CI

COVENANT HEALTH & REHAB OF VICKSBURG, LLC
D/B/A COVENANT HEALTH & REHAB OF VICKSBURG;
COVENANT DOVE, LLC; CORPORATIONS A-G
JANE DOES A-G; AND JOHN DOES A-G                                      **DEFENDANTS**

Covenant Health & Rehab of Vicksburg, LLC
Attn: CT Corporation System, Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
William 'Wes' Fulgham, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this 18 day of March, 2013.

Clerk of Warren County, Mississippi

Shelly Ashley-Palmertree, Circuit Clerk

THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSISSIPPI

BETTY SCOTT, INDIVIDUALLY,
AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF ROBERTA SCOTT                                                           PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 13,0031-CT

COVENANT HEALTH & REHAB OF VICKSBURG, LLC
D/B/A COVENANT HEALTH & REHAB OF VICKSBURG;
COVENANT DOVE, LLC; CORPORATIONS A-G
JANE DOES A-G; AND JOHN DOES A-G                                DEFENDANTS

Covenant Dove, Inc.
5901 Shelby Oaks Drive, Suite 175
Memphis, TN 38134

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
William 'Wes' Fulgham, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this 18 day of March , 2013.

Clerk of Warren County, Mississippi

THE CIRCUIT COURT OF WARREN COUNTY
STATE OF MISSISSIPPI

BETTY SCOTT, INDIVIDUALLY,
AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF ROBERTA SCOTT                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 13,0031-CJ

COVENANT HEALTH & REHAB OF VICKSBURG, LLC
D/B/A COVENANT HEALTH & REHAB OF VICKSBURG;
COVENANT DOVE, LLC; CORPORATIONS A-G
JANE DOES A-G; AND JOHN DOES A-G                                    DEFENDANTS

Covenant Health & Rehab of Vicksburg
2850 Porter's Chapel Road
Vicksburg, MS 39180

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to
William 'Wes' Fulgham, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _18_ day of _March_, 2013.

_____ DC

Clerk of Warren County, Mississippi

Shelly Ashley-Palmertree, Circuit Clerk