IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

BETTY SCOTT, INDIVIDUALLY,
AS ADMINISTRATRIX FOR THE ESTATE
OF ROBERTA SCOTT, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
OF ROBERTA SCOTT                                                                          PLAINTIFF

VS.                                                   CIVIL ACTION NO. 5:13-cv-00120-DCB-MTP

COVENANT HEALTH & REHAB OF VICKSBURG, LLC
D/B/A COVENANT HEALTH & REHAB OF VICKSBURG;
COVENANT DOVE, LLC; LINDA WASHINGTON, RN;
CORPORATIONS A-G; JANE DOES B-G;
AND JOHN DOES A-G                                                                        DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT
LINDA WASHINGTON, R.N.'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff's First Amended Complaint against defendant Linda Washington, ("Ms. Washington") should be dismissed with prejudice because all of her claims against Ms. Washington are time-barred by the two (2)-year statute of limitations. Since all of plaintiff's claims in this wrongful death, medical malpractice action accrued, if at all, no later than January 18, 2011, plaintiff had until January 18, 2013[1] to file her Complaint against Ms. Washington pursuant to MISS. CODE ANN. § 15-1-36. Because she failed to file her First Amended Complaint until July 17, 2013 (her Complaint was filed March 18, 2013), all of her claims are time-barred,

---

[1] Plaintiff does not get the benefit of sixty (60) additional days because she failed to comply with the pre-suit notice requirement found in Miss. Code Ann. § 15-1-36(15).

and Ms. Washington is entitled to dismissal with prejudice pursuant to FRCP[2] 12(b)(6). Alternatively, plaintiff's First Amended Complaint should be dismissed without prejudice for plaintiff's failure to comply with the pre-suit requirements of MISS. CODE ANN. § 15-1-36(15).

## STATEMENT OF FACTS

On July 17, 2013, plaintiff filed her First Amended Complaint in the Circuit Court of Warren County, Mississippi against Ms. Washington and others, alleging claims of medical malpractice/negligence arising out of the death of her mother, Roberta Scott, on January 18, 2011. First Amended Complaint at 3, ¶ 11 (Ex. "A").[3]

In her First Amended Complaint, plaintiff alleges that while a resident at Covenant Health & Rehab of Vicksburg ("Covenant") from February 17, 2010 to December 31, 2010, Ms. Scott developed a pressure ulcer which became necrotic and led to her being transferred to River Region Medical Center where she eventually expired on January 18, 2011. *Id.* at 4, ¶¶ 9, 12. Plaintiff further alleges that the negligence of Covenant and its staff led to the development of Ms. Scott's pressure ulcer. *Id.* at 4, ¶ 12. Ms. Washington files the instant motion requesting dismissal with prejudice of all of plaintiff's claims as they pertain to her.

## STANDARD FOR DISMISSAL

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); s*ee also J.B. Hunt Transp., Inc. v. Forrest Gen. Hosp.*, 34 So. 3d 1171, 1173 (Miss. 2010). Such a motion is reviewed "on the face of the pleadings alone." *Walton v. Walton*, 52 So. 3d 468, 471 (Miss. Ct. App. 2011). Where it is evident from the plaintiff's

---

[2] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[3] All exhibits cited herein are attached to *Defendant Linda Washington, R.N.'s Motion to Dismiss*, being filed contemporaneously herewith.

complaint that the action is time-barred, dismissal with prejudice is proper. *See Stephens v. Equitable Life Assurance Soc'y of the U.S.*, 850 So. 2d 78, 79, 86 (Miss. 2003); *Henley v. Martin*, 105 So. 3d 417, 420, 422 (Miss. Ct. App. 2012). *See also Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Ball v. Hinds County Dep't of Human Servs.*, No. 3:12cv756-DPJ-FKB, 2013 WL 228096, at *1 (S.D. Miss. Jan. 22, 2013).

## ARGUMENT

### I. PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE BECAUSE ALL OF HER CLAIMS AGAINST MS. WASHINGTON ARE TIME-BARRED.

#### A. All of Plaintiff's claims accrued no later than January 18, 2011.

Claims for wrongful death accrue for statute of limitations purposes on the date of the decedent's death. *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 307 (Miss. 2011); *Univ. of Miss. Med. Ctr. v. McGee*, 999 So. 2d 837, 840 (Miss. 2008). Survival claims brought in a wrongful death, medical malpractice/negligence suit accrue when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the relationship between the injury and the conduct of the physician. *See Caves v. Yarbrough*, 991 So. 2d 142, 148-49 (Miss. 2008); *Joiner v. Phillips*, 953 So. 2d 1123, 1126 (Miss. Ct. App. 2006). *See also Sutherland v. Estate of Ritter*, 959 So. 2d 1004, 1008-10 (Miss. 2007). *Cf. Wright v. Quesnel*, 876 So. 2d 362, 367 (Miss. 2004).

In the case at bar, all of plaintiff's claims accrued no later than **January 18, 2011**. That is the date upon which plaintiff alleges that her decedent, Roberta Scott, died. First Amended Complaint at 4, ¶ 12 (Ex. "A"). Thus, pursuant to *Kinsey* and *McGee*, *supra*, plaintiff's claims for *wrongful death* accrued, and the statute of limitations began to run on such claims, on **January 18, 2011**.

3

B. **The statute of limitations on all of Plaintiff's claims expired on or before March 19, 2013.**

Pursuant to controlling precedent, if the plaintiff in a medical malpractice/negligence action files the pre-suit notice required by MISS. CODE ANN. § 15-1-36(15), the two (2)-year statute of limitations of § 15-1-36(2) is extended for sixty (60) days. *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274, 1277 (Miss. 2006). *See also Proli v. Hathorn*, 928 So. 2d 169, 174 (Miss. 2006); *Blessitt v. King's Daughters Hosp. of Yazoo County, Inc.*, 18 So. 3d 878, 883 (Miss. Ct. App. 2009); *Miller v. Myers*, 38 So. 3d 648, 654 (Miss. Ct. App. 2010). The additional sixty (60)-day period runs from the date on which the statute of limitations would otherwise have expired. *See Scaggs*, 931 So. 2d at 1277; *Proli*, 928 So. 2d at 175.

In *Scaggs*, the plaintiff's alleged injury occurred on March 14, 2002. *Scaggs*, 931 So. 2d at 1277. The two (2)-year statute of limitations on her claims accordingly expired on March 14, 2004. *Id.* However, because the plaintiff provided requisite pre-suit notification to the defendant, her "time to file suit was extended sixty days past the two-year anniversary of her alleged injuries which occurred March 14, 2004." *Id.* As the Court noted, "[s]ixty days after March 14, 2004 is May 13, 2004." *Id.* at n.2. Therefore, the plaintiff had until May 13, 2004, to file her complaint. *Id.* Similarly, in *Proli*, the statute of limitations began to run on May 18, 2002, and normally would have expired on May 18, 2004. *Proli*, 928 So. 2d at 175. However, because the plaintiff provided pre-suit notice to the defendant, her time to file suit was extended sixty (60) days to July 17, 2004. *Id.*

In the case at bar, the two (2)-year statute of limitations ran on all of plaintiff's claims no later than January 18, 2013. Assuming for the sake of argument that plaintiff gave valid pre-suit

4

notice to Ms. Washington within the limitations period,[4] the statute of limitations ran on her *wrongful death* claims on or about **March 19, 2013**.[5]  Plaintiff failed to file her First Amended Complaint naming Ms. Washington as a defendant until **July 17, 2013**.  First Amended Complaint (Ex. "A").  Therefore, on the face of plaintiff's First Amended Complaint which was filed in the Circuit Court of Warren County, Mississippi, all of her claims against Ms. Washington are time-barred, and Ms. Washington is entitled to dismissal with prejudice pursuant to FRCP 12(b)(6) and Miss. Code Ann. § 15-1-36(2).

## II. ALTERNATIVELY, PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITHOUT PREJUDICE BECAUSE SHE FAILED TO COMPLY WITH THE PRE-SUIT NOTICE REQUIREMENTS OF MISS. CODE ANN. § 15-1-36(15).

MISS. CODE ANN. § 15-1-36 provides the following, in pertinent part:

> **No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.**  No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.  If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.  This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

---

[4] Ms. Washington disputes that plaintiff ever served her with written notice of claim prior to filing her First Amended Complaint.  *See* Part II, *infra*.  She assumes otherwise here for the sake of argument only.  Ms. Washington would point out that in actuality, plaintiff does not receive the benefit of the sixty (60)-day extension of the statute of limitations in any event because she failed to serve the requisite notice of claim pursuant to § 15-1-36(15).

[5] Plaintiff's wrongful death claims accrued, if at all, on January 18, 2011.  *See* Part I.A., *supra*.  Two (2) years and sixty (60) days from January 18, 2011, was March 19, 2013.

MISS. CODE ANN. § 15-1-36(15) (1972) (emphasis added).

The Mississippi Supreme Court requires **strict compliance** with the sixty (60)-day pre-suit notice requirement of § 15-1-36(15). *Williams v. Skelton*, 6 So. 3d 428, 430 (Miss. 2009); *Price v. Clark*, 21 So. 3d 509, 518-19 (Miss. 2009). Whether the defendant had actual notice of the particulars of the plaintiff's claim prior to suit is accordingly irrelevant. *Arceo v. Tolliver*, 19 So. 3d 67, 72 (Miss. 2009). A plaintiff's failure to give the required notice constitutes an "inexcusable deviation" from the legislative mandate of § 15-1-36(15), necessarily resulting in dismissal. *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927, 929 (Miss. 2006). *See also Forest Hill Nursing Center & Long Term Care Mgmt., LLC v. Brister*, 992 So. 2d 1179, 1188 (Miss. 2008).

In *Pitalo*, the plaintiff failed to provide the defendant medical providers with any notice of her intent to sue. *Pitalo*, 933 So. 2d at 929. The trial court dismissed her amended complaint based in part on her failure to comply with the pre-suit notice requirements of § 15-1-36(15). *Id.* at 928. On appeal, the Supreme Court found dispositive the fact that the plaintiff did not at any time attempt to send either defendant a notice of her intent to sue. *See id.* Accordingly, the Court affirmed the trial court's dismissal of the action predicated on the plaintiff's failure strictly to comply with the pre-suit notice requirements of § 15-1-36(15). *Id.*

Similarly, in *Forest Hill*, the plaintiff gave no notice of her intent to sue to a hospital defendant prior to filing her complaint. *Forest Hill*, 992 So. 2d at 1187-88. Motions to dismiss on this basis were denied by the trial court, and the defendants appealed interlocutorily. *Id.* at 1182-83. Applying the legislative mandate of § 15-1-36(15), the Supreme Court reversed and rendered, holding that as a named defendant, the hospital was entitled to sixty (60) days' notice, "**failing which, [it] was entitled to dismissal**." *Id.* at 1188 (emphasis added).

In the case at bar, plaintiff's First Amended Complaint should alternatively be dismissed without prejudice because plaintiff failed to give the required pre-suit notice to Ms. Washington pursuant to § 15-1-36(15). On July 17, 2013, plaintiff filed her First Amended Complaint naming (for the first time in this litigation) Ms. Washington as a defendant. *See* First Amended Complaint (Ex. "A"). At no time prior to July 17, 2013, did plaintiff serve Ms. Washington with written notice of her intent to file an action against her as required by § 15-1-36(15). As the Court held in *Pitalo*, her failure to do so constitutes an "inexcusable deviation" from the statutory mandate. Like the defendants in *Pitalo* and *Forest Hill*, Ms. Washington is alternatively entitled to dismissal without prejudice should the Court for some reason decline to find that plaintiff's claims are time-barred.

## CONCLUSION

Regardless of the analysis, plaintiff filed her First Amended Complaint against Ms. Washington nearly four (4) months too late. Because all of her claims against Ms. Washington accrued, if at all, more than two (2) years and sixty (60) days prior to the date she filed this action against Ms. Washington, plaintiff fails to state a claim against her, and her First Amended Complaint should be dismissed with prejudice as time-barred pursuant to § 15-1-36(2). Alternatively, plaintiff's First Amended Complaint should be dismissed without prejudice for her failure to comply with the pre-suit notice requirement of § 15-1-36(15).

THIS the 22nd day of October, 2013.

                    Respectfully submitted,

                    LINDA WASHINGTON, R.N.,
                    DEFENDANT

                    BY: /s/ Eugene R. Naylor
                        EUGENE R. NAYLOR (MSB #3757)
                        JASON P. VARNADO (MSB #103839)

OF COUNSEL:

WISE CARTER CHILD & CARAWAY, P.A.
600 HERITAGE BUILDING
401 EAST CAPITOL STREET
POST OFFICE BOX 651
JACKSON, MISSISSIPPI  39205-0651
TEL:   (601) 968-5500
FAX:   (601) 944-7738

ATTORNEYS FOR DEFENDANT LINDA WASHINGTON, R.N.

### CERTIFICATE OF SERVICE

I, Eugene R. Naylor, do hereby certify that I have this day caused to be served via electronic filing system a true and correct copy of the above and foregoing pleading to all counsel of record and those registered as CM/ECF participant:

William 'Wes' Fulgham, Esq.
Morgan & Morgan
One Jackson Place, Suite 777
Jackson, Mississippi  39201

ATTORNEY FOR PLAINTIFF

This the 22nd day of October , 2013.

/s/ Eugene R. Naylor
EUGENE R. NAYLOR